UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN WOLOSHIN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AETNA LIFE INSURANCE COMPANY, <br><br> Defendant. | 07 CIV. 6664 <br> Civil Action No. <br><br> CLASS ACTION COMPLAINT <br><br> Jury Trial Demanded |

## INTRODUCTION

1. This action is brought pursuant to Section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132).

2. Plaintiff brings this Action both individually, and as a class action against Aetna Life Insurance Company ("Aetna" or "Defendant"), on behalf of himself and all New York insureds: (i) who are beneficiaries under long term disability policies issued by Aetna that are governed by ERISA; and (ii) who were denied benefits pursuant to the Pre-existing Condition Clause (as defined herein) during the period July 24, 2001 through the date on which Defendant's wrongful conduct ceases, inclusive (the "Class" and the "Class Period," respectively).

3. Plaintiff alleges that Defendant has engaged in a long-standing practice of unlawfully denying long-term disability benefit payments to members of the Class, in violation of New York



Insurance Law § 3234 (a)(2) [a statutory provision that limits claim denials due to pre-existing conditions], thereby giving rise to an action for relief under ERISA.

4. The allegations set forth in this Complaint are based on actual knowledge as to Plaintiff's own actions, and on information and belief as to all other allegations, which information and belief is based on the investigation conducted by and through Plaintiff's counsel.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and specifically, ERISA § 502(e)(1) [29 U.S.C. §1132(e)(1)].

6. Venue is properly laid in this district pursuant to ERISA § 502(e)(2) [29 U.S.C. § 1132(e)(2)] because Defendant is subject to personal jurisdiction in this judicial district and/or maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

## PARTIES

**Plaintiff**

7. Plaintiff Brian Woloshin ("Plaintiff" or "Woloshin") is a resident of the County of Suffolk and a citizen of the State of New York.

8. On or about October 28, 2004, Defendant Aetna Life Insurance Company issued a group long-term disability income policy bearing Policy No. GP-701176-A with an effective date of July 1, 2004 to Woloshin's employer, Memec, LLC (the "Policy"). A copy of the Policy is annexed hereto as Exhibit A.

9. The Policy was issued for the benefit of certain eligible employees of Memec, LLC in exchange for payment of premiums by or on behalf of such eligible employees.

10. Woloshin was an employee of Memec, LLC and eligible for disability benefits under the Policy.

11. The Policy states that, <u>inter alia</u>, disability insurance payments would be made to Woloshin in the event he became disabled due to injury or sickness. Ex. A at 3. The amount of benefits he could receive was based upon a percentage of his basic monthly earnings, if applicable, up to a maximum benefit of $15,000 per month, less other income benefits, if applicable. Ex. A at 3.

12. During a period within which Plaintiff was an eligible employee, he became disabled within the meaning and pursuant to the terms of the Policy.

13. Plaintiff complied with all relevant terms and conditions of the Policy.

14. Plaintiff filed a claim, co-operated with Defendant, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of the claim for disability benefits.

15. Plaintiff submitted his claim for long-term disability benefits on or about March 18, 2005.

16. Defendant, by way of correspondence to Plaintiff on November 4, 2005, notified Plaintiff that Defendant would not make payment of any long-term disability benefits arising under the terms of the Policy based upon Aetna's determination that: (i) Plaintiff was disabled due to a pre-existing condition, as defined in the Policy, and (ii) Plaintiff's disability, which was caused by a pre-existing condition, arose prior to the expiration of the first 12 months of coverage of the Policy.

**DEFENDANT**

17. Defendant Aetna Life Insurance Company is a publicly owned diversified healthcare benefits company.

18. Aetna is a Connecticut corporation with its corporate headquarters in Hartford, Connecticut. Common stock of Aetna is traded on the New York Stock Exchange under the stock symbol AET.

19. Group long-term and short-term income protection products are sold by Aetna to employers for the benefit of employees. Group long-term income protection provides employees with insurance coverage for loss in the event of extended work absences due to sickness or injury. The benefits are limited to specified maximums as a percentage of income.

## SUBSTANTIVE ALLEGATIONS

20. Upon information and belief, the administration of claims and decisions regarding disability benefits under the Polices was implemented, coordinated, designed and/or instituted by Aetna.

### Long-Term Disability Policy Provisions

21. The Policy is an employee welfare benefit plan within the meaning of ERISA §§ 3(3) and 3(2)(A), 29 U.S.C. §§ 1002(3) and 1002(2)(A).

22. Upon information and belief, there are numerous long-term disability benefits policies issued by Aetna that contain the same provisions described in detail below. Such policies are referred to herein as the "Policies."

23. Pursuant to the terms of the Policies, Plaintiff and members of the Class will receive a "Monthly Benefit for a period of disability caused by disease or injury." Ex. A at 3.

24.  The Policies define a "disability" as the inability to "perform the material duties of your own occupation solely because of: disease or injury and your work earnings are 80% or less of your adjusted predisability earnings." Id.

25.  Furthermore, the Policies state "a period of disability starts on the first day you are disabled as a direct result of a significant change in your physical or mental condition occurring while you are an insured of under this Plan." Ex. A at 4. Monthly benefits under the Policies "will be payable if a period of disability starts while you are covered and continues during and past the elimination period." Id.[1]

26.  Most significantly, the Policies further state, "[n]o benefit is payable for any disability that is caused by or contributed to by a 'pre-existing condition' and starts before the end of the first 12 months following your effective date of coverage" (the "Pre-existing Condition Clause").

27.  According to the Policies, "[a] disease is a pre-existing condition if, during the 3 months before your effective date of coverage: it was diagnosed or treated; or services were received for a diagnosis or treatment of the disease or injury; or you took drugs of medicines prescribed or recommended by a physician for that condition." Ex. A at 9.

28.  As demonstrated herein, Aetna's reliance on the Pre-existing Condition Clause as a means of denying long-term disability benefits to Plaintiff and members of the Class is in contravention of the law, and therefore, illegal.

---

1    The Policy defines the Elimination Period as "the length of time during a period of disability that must pass before benefits start." Ex. A at 1.

**Aetna Willfully And Wrongfully Breached Its Fiduciary Duties To Plaintiff And Members Of The Class By Engaging In An Illegal Long-standing Practice Of Denying Long Term Disability Benefits To Members Of The Class**

29. During the Class Period, Aetna engaged in a practice of denying long-term disability benefits to members of the Class in violation of New York Insurance Law.

30. Pursuant to Aetna's long-standing practice, if Aetna determines that: i) a beneficiary under a Policy has a pre-existing condition; and ii) the pre-existing condition arose during the first 12 months following the effective date of coverage, then Aetna will not pay such beneficiary **any** long-term disability benefits in the future, even after the expiration of the first 12 months following the effective date of coverage.

31. This practice of Aetna's violates New York Insurance Law § 3234(a)(2) and is, therefore, illegal.

32. Pursuant to New York Insurance Law § 3234(a)(2), "no pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person."

33. Accordingly, the **maximum** amount of time that any long-term disability benefits provider, such as Aetna, may withhold payment for long-term disability benefits for those found to be suffering from a pre-existing condition, and whose pre-existing condition arose during the first 12 months following the effective date of their coverage, is 12 months following the effective date of the insurance coverage.. According to New York Insurance Law § 3234(a)(2), after the expiration of the first 12 months following the effective date of insurance coverage, the long-term disability benefits provider **must** commence payment of benefits to such beneficiaries and make payments for as long as they are disabled, subject to the time limits in the Policies.

34. In engaging in a practice whereby Aetna refused to provide Plaintiff and members of the Class long-term disability benefits **after** the expiration of the first 12 months following the effective date of coverage through the enforcement of the Pre-existing Condition Clause, Aetna violated New York Insurance Law § 3234(a)(2).

35. On information and belief, Aetna's practice of denying long-term disability benefits, in reliance on the unenforceable portion of its Pre-existing Condition Clause, is a fixed, long-standing policy.

36. Furthermore, on information and belief, Aetna has never paid any disability benefits to those whom Aetna has found to be suffering from a pre-existing condition that arose during the first 12 months following the effective date of coverage.

37. By engaging in a practice that is strictly forbidden by New York Insurance Law, Aetna violated the law, breached the fiduciary duties that it owed to Plaintiff and members of the Class, and thus violated ERISA

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all insureds: (i) who are beneficiaries under long term disability policies issued by Aetna that are governed by ERISA, and (ii) who were denied benefits pursuant to the Pre-existing Condition Clause during the period July 24, 2001 through the date on which Defendant's wrongful conduct ceases, inclusive.

39. Plaintiff meets the pre-requisites to bring this action on behalf of the Class because:

(a) Numerosity: The Class consists of thousands of individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable.

While the exact number of Class members is unknown and can only be ascertained via discovery, Plaintiff believes that there are thousands of Class members in the State of New York.

(b) Commonality: There are questions of law and fact common to the Class, including:

    (i) Whether Defendant's uniform long-standing practice of failing to pay long-term disability benefits after the expiration of the first 12 months following the effective date of coverage based upon application of the Pre-existing Condition Clause violates New York Law and gives rise to an action for relief under ERISA;

    (ii) Whether Class members have sustained damages and the correct measurement of those damages;

    (iii) Whether Defendant, in failing to pay Plaintiff and members of the Class, long-term disability benefits after the expiration of the first 12 months following the effective date of coverage, acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief.

(c) Typicality: Plaintiff's claims are typical of the claims of the Class because Plaintiff and members of the Class each sustained damages arising out of Defendant's wrongful conduct as complained of herein; and

(d) Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are antagonistic to, or in conflict with, the interests of

the Class as a whole, and has engaged competent counsel, highly experienced in class actions, ERISA, and complex litigation, to ensure protection of the interests of the Class as a whole.

40. As an ERISA action, this action is suited for class certification pursuant to Fed. R. Civ. P. 23(b) because: i) the prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendant; iii) Defendant, in failing to pay Plaintiff and members of the Class long-term disability benefits after the expiration of the first 12 months following the effective date of coverage, acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief; and iv) questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

**For Relief Sought Under ERISA § 502(a)(1)(B), [29 U.S.C. § 1132(a)(1)(B)]**
**(On Behalf Of Plaintiff, Individually, and a Class Of All Other Similarly Situated Individuals)**

41. The allegations of paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42. On November 4, 2005, Aetna determined that Plaintiff was suffering from a pre-existing condition, and that the pre-existing condition arose during the first 12 months following the effective date of coverage.

43. In accordance with the Pre-Existing Condition Clause, Aetna denied Plaintiff long-term disability benefits after the expiration of the first 12 months following the effective date of coverage.

44. The portion of the Pre-existing Condition Clause that purports to act as a permanent bar to benefits is unenforceable as a matter of law.

45. Pursuant to New York Insurance Law § 3234(a)(2), "no pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person."

46. Accordingly, by refusing to pay Plaintiff and members of the Class long-term disability benefits after the expiration of the twelve months following the effective date of coverage, Aetna violated New York Insurance Law § 3234(a)(2), thereby giving rise to a claim for relief under ERISA.

47. Plaintiff need not have exhausted his administrative remedies because his claim for benefits seeking to strike, as unlawful, the portion of the Pre-existing Condition Clause as contrary to law is a statutory-based legal claim for which exhaustion is not required.

## COUNT II

### For Relief Sought Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)
### (On Behalf Of Plaintiff, Individually, And All Others Similarly Situated)

48. The allegations of paragraphs 1 through 47 are re-alleged and incorporated herein by reference.

49. By virtue of the conduct described above, Defendant breached and continues to breach its fiduciary duties by failing to pay Plaintiff and members of the Class long-term disability benefits after the expiration of the twelve months following the effective date of coverage. As a result of the ongoing breaches, as described above, Plaintiff and members of the Class have been harmed, continue to be harmed, and will be harmed into the future, due to the acts or omissions detailed above.

50. Plaintiff and the Class members are entitled to appropriate equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to obtain appropriate injunctive relief immediately stopping the ongoing breaches that are causing ongoing harm to Plaintiff and members of the Class.

51. Plaintiff need not have exhausted his administrative remedies because his claim for benefits seeking to strike, as unlawful, the portion of the Pre-existing Condition Clause as contrary to law is a statutory-based legal claim for which exhaustion is not required.

## PRAYER FOR RELIEF

Plaintiff prays that this Court:

a. Certify this action as a class action under Rule 23;

b. Order Defendant to pay Plaintiff and members of the Class all long-term disability

benefits that accumulated after the expiration of the first 12 months following the effective date of coverage, plus interest, minus any applicable "other income benefits" but in no event less than the "Minimum Monthly Benefit" of $100 or 10% of the gross monthly benefit, whichever is greater.

    c.    Award Plaintiff and the Class members injunctive relief, redress, or other appropriate equitable relief whereby Defendants are ordered to immediately cease withholding all such benefits;

    d.    Award to Plaintiff reasonable costs and attorney's fees; and

    e.    Grant such other relief as may be just and proper.

Dated: July 24, 2007

PLAINTIFF BRIAN WOLOSHIN,

By: *(signature)*

Paul O. Paradis (PP 9335)
Gina M. Tufaro (GT 5419)
**HORWITZ, HORWITZ & PARADIS,**
**Attorneys at Law**
28 West 44th Street -16th Floor
New York, NY 10036
Tel: 212-404-2200
Fax: 212-404-2226

Richard J. Quadrino
Michail Z. Hack
**QUADRINO & SCHWARTZ, P.C.**
666 Old Country Road - Ninth Floor
Garden City, New York 11530
Tel.: (516) 745-1122
Fax.: (516) 745-0844

Attorneys for Plaintiff