Jonathan Matthew Borg (JB-9487)
DAY PITNEY LLP
7 Times Square
New York, NY  10036
Telephone:   (212) 297-5800
Facsimile:   (212) 916-2940
jborg@daypitney.com

Attorneys for Defendant, Aetna Life Insurance Company

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | |
|---|---|
| **BRIAN WOLOSHIN, on behalf of himself and all others similarly situated** | Case No. 7:07 CV 6664(KMK) |
| **Plaintiff,** | **Magistrate Judge Yanthis** |
| -against- | **ECF Case** |
| **AETNA LIFE INSURANCE COMPANY,** | |
| **Defendant.** | |

-----------------------------------------------------------------x

**ANSWER OF AETNA LIFE INSURANCE COMPANY TO AMENDED COMPLAINT**

Defendant Aetna Life Insurance Company ("Aetna"), through its undersigned counsel, DAY PITNEY LLP, hereby responds to the allegations in plaintiff's Amended Complaint as follows.  Unless expressly admitted below, all of the allegations in plaintiff's Amended Complaint are denied.

**INTRODUCTION**

1. Admits the allegations contained in Paragraph "1" of the Amended Complaint.

2. Aetna denies that it wrongfully applied the pre-existing provisions in its long-term disability policies to deny benefits either to plaintiff Brian Woloshin ("Woloshin") and/or members of the purported class, and denies knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in Paragraph "2" of the Amended Complaint.

3. Denies the allegations contained in Paragraph "3" of the Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Amended Complaint.

## JURISDICTION AND VENUE

5. Admits the allegations contained in Paragraph "5" of the Amended Complaint.

6. Admits the allegations contained in Paragraph "6" of the Amended Complaint.

## PARTIES

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Amended Complaint.

8. Admits that it issued a group long-term disability ("LTD") income policy bearing policy no. GP-701176-A with an effective date of July 1, 2004 to Woloshin's employer, Memec, LLC (hereinafter referred to as the "Policy"), but denies the remaining allegations contained in Paragraph "8" of the Amended Complaint.

9. Admits that the Policy was issued for the benefit of certain eligible employees of Memec, LLC in exchange for payment of premiums, but denies the remainder of the allegations contained in Paragraph "9" of the Amended Complaint.

10. Admits that Woloshin was an employee of Memec, LLC and admits that Woloshin had the right to make a claim for LTD benefits under the Policy, but denies the remainder of the allegations contained in Paragraph "10" of the Amended Complaint.

11. Admits that the Policy provides in part that Aetna will pay a Monthly Benefit to an eligible employee for total disability caused by disease or accidental bodily injury, after the Elimination period, admits that the amount of benefits an eligible employee could receive is based upon a percentage of pay up to a maximum benefit of $15,000 per month, states that no benefits are to be paid under the applicable Policy if the claim does not fall within the coverage provisions or if certain conditions or exclusions apply, and denies the remainder of the allegations contained in Paragraph "11" of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Amended Complaint.

13. Denies the allegations contained in Paragraph "13" of the Amended Complaint.

14. Admits that plaintiff filed a claim for LTD benefits, but denies the remainder of the allegations contained in Paragraph "14" of the Amended Complaint.

15. Admits that plaintiff signed a form dated March 21, 2005 relating to an application for LTD benefits, but denies the remainder of the allegations contained in Paragraph "15" of the Amended Complaint.

16. Admits that it sent a letter dated November 4, 2005 to plaintiff, submits that the letter speaks for itself, and denies the remainder of the allegations contained in Paragraph "16" of the Amended Complaint.

17. Denies the allegations contained in Paragraph "17" of the Amended Complaint.

18. Admits that it is a Connecticut corporation with its corporate headquarters in Hartford, Connecticut, but denies the remainder of the allegations in Paragraph "18" of the Amended Complaint.

19. Admits the allegations contained in Paragraph "19" of the Amended Complaint.

**SUBSTANTIVE ALLEGATIONS**

20. Admits that it has acted as the Claims Administrator with respect to most, but not all of the LTD policies that it sold in New York since July 21, 2001, but denies the remainder of the allegations contained in Paragraph "20" of the Amended Complaint.

**Long-Term Disability Policy Provisions**

21. Admits that the Policy is an employee welfare benefit plan within the meaning of ERISA §§ 3(3) and 3(2)(A), 29 U.S.C. §§ 1002(3) and 1002(2)(A), but denies the remainder of the allegations contained in Paragraph "21" of the Amended Complaint.

22. Admits that it sold a number of LTD policies that contain the same provisions described in the Amended Complaint, denies that all of the LTD policies it sold during that time period contained identical language, and denies the remainder of the allegations contained in Paragraph "22" of the Amended Complaint.

23. Admits that the Policy states in part that "[t]his Plan will pay a Monthly Benefit for a period of disability caused by a disease or injury. There is an elimination period. (This is the length of time during a period of disability that must pass before benefits start.)" Aetna admits that this provision appears in other LTD policies that it has issued, but denies the remainder of the allegations contained in Paragraph "23" of the Amended Complaint.

24. Admits that the LTD policies that it has issued contain different definitions of disability in the "Test of Disability" section and that each of those policy documents speaks for itself, but denies that Paragraph "24" of the Amended Complaint completely and accurately quotes that section of the Policy, and denies the remainder of the allegations contained in Paragraph "24" of the Amended Complaint.

25. Admits that the Policy provides in part that "[a] period of disability starts on the first day you are disabled as a direct result of a significant change in your physical or mental condition occurring while you are injured under this Plan. You must be under the care of a physician." Admits that another provision of the Policy provides that: "[m]onthly benefits will be payable if a period of disability: starts while you are covered; and continues during and past the elimination period. These benefits are payable after the elimination period ends for as long as the period of disability continues." Admits that it sold a number of LTD policies that contain these same provisions, but denies the remainder of the allegations contained in Paragraph "25" of the Amended Complaint.

26. Admits that the Policy provides in part that "[n]o benefit is payable for any disability that is caused by or contributed to by a "pre-existing condition" and starts before the end of the first 12 months following your effective date of coverage," but denies the remainder of the allegations contained in Paragraph "26" of the Amended Complaint.

27. Admits that the Policy provides in part that: "[a] disease or injury is a pre-existing condition if, during the 3 months before your effective date of coverage: it was diagnosed or treated; services were received for the diagnosis or treatment of the disease or injury; or you took drugs or medications recommended by a physician for the condition", but denies the remainder of the allegations contained in Paragraph "27" of the Amended Complaint.

28. Denies the allegations contained in Paragraph "28" of the Amended Complaint.

**The Pre-Existing Condition Clause**

29. Denies the allegations contained in Paragraph "29" of the Amended Complaint.

30. Admits that a portion of the statute cited has been accurately quoted, but denies the remainder of the allegations contained in Paragraph "30" of the Amended Complaint.

31.  Paragraph "31" of the Amended Complaint asserts a legal conclusion as to which a response is not required. To the extent a response is required as to Paragraph "31" of the Amended Complaint, Aetna admits that the New York Court of Appeals issued a decision interpreting § 3234(a)(2), submits that such decision speaks for itself, and denies the remainder of the allegations contained in Paragraph "31" of the Amended Complaint.

32.  Denies the allegations contained in Paragraph "32" of the Amended Complaint.

33.  Denies the allegations contained in Paragraph "33" of the Amended Complaint.

34.  Denies the allegations contained in Paragraph "34" of the Amended Complaint.

35.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

36.  Denies the allegations contained in Paragraph "36" of the Amended Complaint.

37.  Denies the allegations contained in Paragraph "37" of the Amended Complaint.

38.  Denies the allegations contained in Paragraph "38" of the Amended Complaint.

## COUNT I

**For Declaratory Judgment Sought Pursuant to ERISA § 502(a)(1)(B),
[29 U.S.C. § 1132(a)(1)(B)]
(On Behalf Of Plaintiff, Individually, and a Class Of All
Other Similarly Situated Individuals)**

39.  Repeats, reiterates, and realleges its responses to Paragraphs "1"-"38" of the Amended Complaint as if more fully set forth herein.

40.  Admits the allegations contained in Paragraph "40" of the Amended Complaint.

41.  Admits that the Pre-Existing Condition Clause in the Policy provides in part that "[n]o benefit is payable for any disability that is caused by or contributed to by a "pre-existing

condition" and starts before the end of the first 12 months following your effective date of coverage" and admits that it sold other LTD policies with that same language in the Pre-Existing Condition Clause, but denies the remainder of the allegations contained in Paragraph "41" of the Amended Complaint.

42. Admits that a portion of the statute cited has been accurately quoted, but denies the remainder of the allegations contained in Paragraph "42" of the Amended Complaint.

43. Paragraph "43" of the Amended Complaint asserts a legal conclusion as to which a response is not required. To the extent a response is required as to Paragraph "43" of the Amended Complaint, Aetna admits that the New York Court of Appeals issued a decision interpreting § 3234(a)(2), submits that such decision speaks for itself, and denies the remainder of the allegations contained in Paragraph "43" of the Amended Complaint.

44. Denies the allegations contained in Paragraph "44" of the Amended Complaint, and specifically denies that New York Insurance Law § 3234(a)(2) addresses the many individual issues involved in whether a particular individual seeking LTD benefits is in fact disabled within the meaning of the particular policy under which he or she is seeking benefits.

45. Denies the allegations contained in Paragraph "45" of the Amended Complaint.

46. Denies the allegations contained in Paragraph "46" of the Amended Complaint.

47. Denies the allegations contained in Paragraph "47" of the Amended Complaint.

48. Denies the allegations contained in Paragraph "48" of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

49. Plaintiff's complaint fails to state a claim against Aetna.

## SECOND AFFIRMATIVE DEFENSE

50. Plaintiff and the putative class members have failed to exhaust their administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

51. Aetna's decisions denying benefits based on the existence of a pre-existing condition were made in good faith and were reasonable at the time they were made, were made within the proper exercise of Aetna's discretionary authority as claims administrator, and should therefore not be overturned.

## FOURTH AFFIRMATIVE DEFENSE

52. The claims of putative class members, or some of them, are barred by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

53. The claims of putative class members, or some of them, are barred by the provision of the policy which provides: "No legal action can be brought to recover under any benefit after 3 years from the deadline for filing claims."

## SIXTH AFFIRMATIVE DEFENSE

54. The claims of putative class members, or some of them, are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff has failed to name an indispensable party or parties.

1565281A06092807

**EIGHTH AFFIRMATIVE DEFENSE**

56.     Any adjudication of the claims asserted in Plaintiff's complaint should be stayed pending a determination by the New York Department of Insurance as to the nature of relief, if any, that should be properly made available to the purported class.

**NINTH AFFIRMATIVE DEFENSE**

57.     The claims of the putative class members have not been adjudicated to determine whether they meet the test of disability which would entitle them to any benefits at all under the LTD policies under which they are claiming benefits.

**WHEREFORE,** defendant Aetna Life Insurance Company respectfully demands judgment dismissing plaintiff's claims with prejudice, awarding defendants their attorneys' fees and costs, and awarding to them such other and further relief as the Court deems just, proper, and equitable.

Dated: New York, New York
       September 28, 2007

                                        Respectfully submitted,

                                        DAY PITNEY LLP


                                        By:    /s/ *Jonathan Matthew Borg*
                                               Jonathan Matthew Borg (JB-9487)

                                        7 Times Square
                                        New York, New York 10036
                                        Telephone:   (212) 297-5800
                                        Facsimile:   (212) 916-2940

                                        Attorneys for Defendant,
                                        Aetna Life Insurance Company

1565281A06092807

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of foregoing **Answer to Amended Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                /s/ *Jonathan Matthew Borg*
                Jonathan Matthew Borg (JB-9487)

1565281A06092807