UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN WOLOSHIN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>　　　　　　　　Defendant. | Civil Action No. 07 CV 6664<br><br>**SECOND AMENDED**<br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1.　This action is brought pursuant to Section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132).

2.　Plaintiff brings this Action both individually, and as a class action against Aetna Life Insurance Company ("Aetna" or "Defendant"), on behalf of himself and all New York insureds: (i) who are beneficiaries under long term disability policies issued by Aetna that are governed by ERISA; and (ii) who were denied benefits pursuant to the Pre-existing Condition Clause (as defined herein) during the period July 24, 2001 through the date on which Defendant's wrongful conduct ceases, inclusive (the "Class" and the "Class Period," respectively).

3.　Plaintiff alleges that certain provisions of Defendant's long term disability Policies (as defined herein) violate New York Insurance Law § 3234 (a)(2) [a statutory provision that states that "no pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person."].

4. The allegations set forth in this Complaint are based on actual knowledge as to Plaintiff's own actions, and on information and belief as to all other allegations, which information and belief is based on the investigation conducted by and through Plaintiff's counsel.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and specifically, ERISA § 502(e)(1) [29 U.S.C. §1132(e)(1)].

6. Venue is properly laid in this district pursuant to ERISA § 502(e)(2) [29 U.S.C. § 1132(e)(2)] because Defendant is subject to personal jurisdiction in this judicial district and/or maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

## PARTIES

### Plaintiff

7. Plaintiff Brian Woloshin ("Plaintiff" or "Woloshin") is a resident of the County of Suffolk and a citizen of the State of New York.

8. On or about October 28, 2004, Defendant Aetna Life Insurance Company issued a group long-term disability income policy bearing Policy No. GP-701176-A with an effective date of July 1, 2004 to Woloshin's employer, Memec, LLC (the "Policy"). A copy of the Policy is annexed hereto as Exhibit A.

9. The Policy was issued for the benefit of certain eligible employees of Memec, LLC in exchange for payment of premiums by or on behalf of such eligible employees.

10. Woloshin was an employee of Memec, LLC and eligible for disability benefits under the Policy.

11. The Policy states that, <u>inter alia</u>, disability insurance payments would be made to Woloshin in the event he became disabled due to injury or sickness. Ex. A at 3. The amount of benefits he could receive was based upon a percentage of his basic monthly earnings, if applicable, up to a maximum benefit of $15,000 per month, less other income benefits, if applicable. Ex. A at 3.

12. During a period within which Plaintiff was an eligible employee, he became disabled within the meaning and pursuant to the terms of the Policy.

13. Plaintiff complied with all relevant terms and conditions of the Policy.

14. Plaintiff filed a claim, co-operated with Defendant, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of the claim for disability benefits.

15. Plaintiff submitted his claim for long-term disability benefits on or about March 18, 2005.

16. Defendant, by way of correspondence to Plaintiff on November 4, 2005, notified Plaintiff that Defendant would not make payment of any long-term disability benefits arising under the terms of the Policy based upon Aetna's determination that: (i) Plaintiff was disabled due to a pre-existing condition, as defined in the Policy, and (ii) Plaintiff's disability, which was caused by a pre-existing condition, arose prior to the expiration of the first 12 months of coverage of the Policy.

**Defendant**

17. Defendant Aetna Life Insurance Company is a publicly owned diversified healthcare benefits company.

18.     Aetna is a Connecticut corporation with its corporate headquarters in Hartford, Connecticut. Common stock of Aetna is traded on the New York Stock Exchange under the stock symbol AET.

19.     Group long-term and short-term income protection products are sold by Aetna to employers for the benefit of employees. Group long-term income protection provides employees with insurance coverage for loss in the event of extended work absences due to sickness or injury. The benefits are limited to specified maximums as a percentage of income.

## SUBSTANTIVE ALLEGATIONS

20.     Upon information and belief, the administration of claims and decisions regarding disability benefits under the Polices was implemented, coordinated, designed and/or instituted by Aetna.

**Long-Term Disability Policy Provisions**

21.     The Policy is an employee welfare benefit plan within the meaning of ERISA §§ 3(3) and 3(2)(A), 29 U.S.C. §§ 1002(3) and 1002(2)(A).

22.     Upon information and belief, there are numerous long-term disability benefits policies issued by Aetna that contain the same provisions described in detail below. Such policies are referred to herein as the "Policies."

23.     Pursuant to the terms of the Policies, Plaintiff and members of the Class will receive a "Monthly Benefit for a period of disability caused by disease or injury." Ex. A at 3.

24. The Policies define a "disability" as the inability to "perform the material duties of your own occupation solely because of: disease or injury and your work earnings are 80% or less of your adjusted predisability earnings." Id.

25. Furthermore, the Policies state "a period of disability starts on the first day you are disabled as a direct result of a significant change in your physical or mental condition occurring while you are an insured of under this Plan." Ex. A at 4. Monthly benefits under the Policies "will be payable if a period of disability starts while you are covered and continues during and past the elimination period." Id.[1]

26. Most significantly, the Policies further state, "[n]o benefit is payable for any disability that is caused by or contributed to by a 'pre-existing condition' and starts before the end of the first 12 months following your effective date of coverage" (the "Pre-existing Condition Clause").

27. According to the Policies, "[a] disease is a pre-existing condition if, during the 3 months before your effective date of coverage: it was diagnosed or treated; or services were received for a diagnosis or treatment of the disease or injury; or you took drugs of medicines prescribed or recommended by a physician for that condition." Ex. A at 9.

28. As demonstrated herein, the Pre-Existing Condition Clauses violate New York Insurance Law and should be therefore be stricken.

---

[1] The Policy defines the Elimination Period as "the length of time during a period of disability that must pass before benefits start." Ex. A at 1.

**The Pre-Existing Condition Clause Violates New York Insurance Law**

29. During the Class Period, Aetna issued Policies that violate New York Insurance Law.

30. Pursuant to New York Insurance Law § 3234(a)(2), "no pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person."

31. Accordingly, the **maximum** amount of time that any long-term disability benefits provider, such as Aetna, may withhold payment for long-term disability benefits for those found to be suffering from a pre-existing condition, and whose pre-existing condition arose during the first 12 months following the effective date of their coverage, is 12 months following the effective date of the insurance coverage. According to New York Insurance Law § 3234(a)(2), after the expiration of the first 12 months following the effective date of insurance coverage, the long-term disability benefits provider **must** commence payment of benefits to such beneficiaries and make payments for as long as they are disabled, subject to the time limits in the Policies.

32. Pursuant to the Pre-Existing Condition Clause inserted into Aetna's Policies, however, and in contravention of New York Insurance Law § 3234(a)(2), if Aetna determines that: i) a beneficiary under a Policy has a pre-existing condition; and ii) the pre-existing condition arose during the first 12 months following the effective date of coverage, then Aetna will not pay such beneficiary **any** long-term disability benefits in the future, even after the expiration of the first 12 months following the effective date of coverage.

33. Because the Pre-Existing Condition Clause provides for the **total** denial of benefits to those beneficiaries suffering from a pre-existing condition that arose during the first 12 months following the effective date of coverage (even after the expiration of the first 12 months following

6

the effective date of coverage), the Pre-Existing Condition Clause violates New York Insurance Law § 3234(a)(2).

34. On information and belief, Aetna's practice of denying long-term disability benefits, in reliance on the illegal Pre-existing Condition Clause, is a fixed, long-standing policy.

35. Furthermore, on information and belief, Aetna has never paid any disability benefits to those whom Aetna has found to be suffering from a pre-existing condition that arose during the first 12 months following the effective date of coverage.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all insureds: (i) who are beneficiaries under long term disability policies issued by Aetna that are governed by ERISA, and (ii) who were denied benefits pursuant to the Pre-existing Condition Clause during the period July 24, 2001 through the date on which Defendant's wrongful conduct ceases, inclusive.

37. Plaintiff meets the pre-requisites to bring this action on behalf of the Class because:

(a) Numerosity: The Class consists of thousands of individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable. While the exact number of Class members is unknown and can only be ascertained via discovery, Plaintiff believes that there are thousands of Class members in the State of New York.

(b) Commonality: There are questions of law and fact common to the Class, including:

      (i)    Whether the Aetna Pre-existing Condition Clauses violate New York Insurance Law § 3234(a)(2);

      (ii)    Whether the Aetna Pre-existing Condition Clauses must be stricken as unenforceable.

(c)    Typicality: Plaintiff's claims are typical of the claims of the Class because Plaintiff and members of the Class each sustained damages arising out of Defendant's wrongful conduct as complained of herein; and

(d)    Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are antagonistic to, or in conflict with, the interests of the Class as a whole, and has engaged competent counsel, highly experienced in class actions, ERISA, and complex litigation, to ensure protection of the interests of the Class as a whole.

38.    As an ERISA action, this action is suited for class certification pursuant to Fed. R. Civ. P. 23(b) because: i) the prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendant; iii) Defendant, in failing to pay Plaintiff and members of the Class long-term disability benefits after the expiration of the first 12 months following the effective date of coverage, acted or refused to act on grounds generally applicable to the Class, i.e. engaged in a uniform

practice, thereby making appropriate final injunctive relief; and iv) questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

**(On Behalf Of Plaintiff, Individually, and a Class Of All Other Similarly Situated Individuals Pursuant To ERISA § 502(a)(1)(B) and § 502 (a)(3), [29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3)])**

39. The allegations of paragraphs 1 through 38 are re-alleged and incorporated herein by reference.

40. The Policies are employee welfare benefit plan within the meaning of ERISA §§ 3(3) and 3(2)(A), 29 U.S.C. §§ 1002(3) and 1002(2)(A). Defendant is a fiduciary pursuant to the terms of the Policies.

41. The Policies were issued for the benefit of Plaintiff and members of the Class in exchange for payment of premiums by or on behalf of Plaintiff and members of the Class.

42. Pursuant to the terms of the Policies, Plaintiff and members of the Class will receive a "Monthly Benefit for a period of disability caused by disease or injury." Ex. A at 3.

43. The Policies' Pre-existing Condition Clauses state, "[n]o benefit is payable for any disability that is caused by or contributed to by a 'pre-existing condition' and starts before the end of the first 12 months following your effective date of coverage."

44. Pursuant to New York Insurance Law § 3234(a)(2), "no pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person."

45. Accordingly, pursuant to New York Insurance Law § 3234(a)(2), the **maximum** amount of time that any long-term disability benefits provider, such as Aetna, may withhold payment for long-term disability benefits for those found to be suffering from a pre-existing condition, and whose pre-existing condition arose during the first 12 months following the effective date of their coverage, is 12 months following the effective date of the insurance coverage.

46. According to New York Insurance Law § 3234(a)(2), after the expiration of the first 12 months following the effective date of insurance coverage, the long-term disability benefits provider **must** commence payment of benefits to such beneficiaries and make payments for as long as they are disabled, subject to the time limits in the Policies.

47. During the Class Period, however, in accordance with the Pre-existing Condition Clause, and in direct violation of New York Insurance Law, if Aetna determined that: i) a beneficiary under a Policy had a pre-existing condition; and ii) the pre-existing condition arose during the first 12 months following the effective date of coverage, then Aetna did not pay such beneficiary **any** long-term disability benefits in the future, even after the expiration of the first 12 months following the effective date of coverage.

48. Because the Pre-Existing Condition Clause provides for the **total** denial of benefits to those beneficiaries suffering from a pre-existing condition that arose during the first 12 months following the effective date of coverage (even after the expiration of the first 12 months following

the effective date of coverage), the Pre-Existing Condition Clause violates New York Insurance Law § 3234(a)(2).

49. Plaintiff need not have exhausted his administrative remedies because his claim is a statutory-based legal claim for which exhaustion is not required.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

a. Certify this action as a class action under Rule 23;

b. Award Plaintiff and the Class members a judgment declaring that the Pre-existing Condition Clauses violate New York Insurance Law;

c. Award Plaintiff and the Class members a judgment striking the Pre-existing Condition Clauses due to their illegality and declaring them unenforceable;

d. Enjoin Defendant by requiring Aetna to re-review the claims files of the Class Members for a calculation of benefits due and/or an assessment as to ongoing eligibility for benefits, to the extent necessary;

e. Order the creation of a constructive trust;

f. Order that Defendant pay into the constructive trust an amount sufficient to cover all benefits due or projected to be due and owing to Class members;

g. Award to Plaintiff reasonable costs and attorney's fees; and

h. Grant such other relief as may be just and proper.

Dated: November 13, 2007       PLAINTIFF BRIAN WOLOSHIN,

By: *[signature]*

Paul O. Paradis (PP 9335)
Gina M. Tufaro (GT 5419)
**HORWITZ, HORWITZ & PARADIS,**
**Attorneys at Law**
28 West 44th Street -16th Floor
New York, NY 10036
Tel: 212-404-2200
Fax: 212-404-2226

Richard J. Quadrino
Michail Z. Hack
**QUADRINO & SCHWARTZ, P.C.**
666 Old Country Road - Ninth Floor
Garden City, New York 11530
Tel.: (516) 745-1122
Fax.: (516) 745-0844

Attorneys for Plaintiff