James H. Rotondo (JR-3966)
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
(860) 275-0197
(860) 881-2470 (fax)
jhrotondo@daypitney.com

Jonathan Matthew Borg (JB-9487)
Day Pitney LLP
7 Times Square
Times Square Tower
New York, New York 10036
(212) 297-5800
(212) 682-3485 fax
jborg@daypitney.com

Attorneys for Defendant,
Aetna Life Insurance Company

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**BRIAN WOLOSHIN, on behalf of himself**         Case No. 7:07 CV 6664(KMK)
**and all others similarly situated**

                                          **Magistrate Judge Yanthis**

                        **Plaintiff,**

                                          **ECF Case**

      -against-

**AETNA LIFE INSURANCE COMPANY,**


                          **Defendant.**
-----------------------------------------------------------------x

**ANSWER OF AETNA LIFE INSURANCE COMPANY**
**TO SECOND AMENDED COMPLAINT**

      Defendant Aetna Life Insurance Company ("Aetna"), through its undersigned counsel,

DAY PITNEY LLP, hereby responds to the allegations in plaintiff's Second Amended Complaint as

follows.  Unless expressly admitted below, all of the allegations in plaintiff's Second Amended

Complaint are denied.

## INTRODUCTION

1. Admits the allegations contained in Paragraph "1" of the Second Amended Complaint.

2. Aetna denies that it wrongfully applied the pre-existing provisions in its long-term disability policies to deny benefits either to plaintiff Brian Woloshin ("Woloshin") and/or members of the purported class, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "2" of the Second Amended Complaint.

3. Denies the allegations contained in Paragraph "3" of the Second Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Second Amended Complaint.

## JURISDICTION AND VENUE

5. Admits the allegations contained in Paragraph "5" of the Second Amended Complaint.

6. Admits the allegations contained in Paragraph "6" of the Second Amended Complaint.

## PARTIES

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Second Amended Complaint.

8. Admits that it issued a group long-term disability ("LTD") income policy bearing policy no. GP-701176-A with an effective date of July 1, 2004 to Woloshin's employer, Memec, LLC (hereinafter referred to as the "Policy"), but denies the remaining allegations contained in

Paragraph "8" of the Second Amended Complaint.

9. Admits that the Policy was issued for the benefit of certain eligible employees of Memec, LLC in exchange for payment of premiums, but denies the remainder of the allegations contained in Paragraph "9" of the Second Amended Complaint.

10. Admits that Woloshin was an employee of Memec, LLC and admits that Woloshin had the right to make a claim for LTD benefits under the Policy, but denies the remainder of the allegations contained in Paragraph "10" of the Second Amended Complaint.

11. Admits that the Policy speaks for itself.  Aetna further admits that the policy provides in part that Aetna will pay a Monthly Benefit to an eligible employee for total disability caused by disease or accidental bodily injury, after the Elimination period, admits that the amount of benefits an eligible employee could receive is based upon a percentage of pay up to a maximum benefit of $15,000 per month, states that no benefits are to be paid under the applicable Policy if the claim does not fall within the coverage provisions or if certain conditions or exclusions apply, and denies the remainder of the allegations contained in Paragraph "11" of the Second Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Second Amended Complaint.

13. Denies the allegations contained in Paragraph "13" of the Second Amended Complaint.

14. Admits that plaintiff filed a claim for LTD benefits, but denies the remainder of the allegations contained in Paragraph "14" of the Second Amended Complaint.

15. Admits that plaintiff signed a form dated March 21, 2005 relating to an application for LTD benefits, but denies the remainder of the allegations contained in Paragraph "15" of the Second Amended Complaint.

16. Admits that it sent a letter dated November 4, 2005 to plaintiff, submits that the letter speaks for itself, and denies the remainder of the allegations contained in Paragraph "16" of the Second Amended Complaint.

17. Denies the allegations contained in Paragraph "17" of the Second Amended Complaint.

18. Admits that it is a Connecticut corporation with its corporate headquarters in Hartford, Connecticut, but denies the remainder of the allegations in Paragraph "18" of the Second Amended Complaint.

19. Admits the allegations contained in Paragraph "19" of the Second Amended Complaint.

## SUBSTANTIVE ALLEGATIONS

20. Admits that it has acted as the Claims Administrator with respect to most, but not all of the LTD policies that it sold in New York since July 21, 2001, but denies the remainder of the allegations contained in Paragraph "20" of the Second Amended Complaint.

**Long-Term Disability Policy Provisions**

21. Admits the allegations contained in Paragraph "21" of the Second Amended Complaint.

22. Admits that it sold a number of LTD policies that contain the same provisions described in the Second Amended Complaint, denies that all of the LTD policies it sold during that time period contained identical language, and denies the remainder of the allegations contained in Paragraph "22" of the Second Amended Complaint.

23. Admits that the Policy states in part that "[t]his Plan will pay a Monthly Benefit for a period of disability caused by a disease or injury. There is an elimination period. (This is the

4

length of time during a period of disability that must pass before benefits start.)"  Aetna admits that this provision appears in other LTD policies that it has issued, but denies the remainder of the allegations contained in Paragraph "23" of the Second Amended Complaint.

24. Admits that the LTD policies that it has issued contain different definitions of disability in the "Test of Disability" section and that each of those policy documents speaks for itself, but denies that Paragraph "24" of the Second Amended Complaint completely and accurately quotes that section of the Policy, and denies the remainder of the allegations contained in Paragraph "24" of the Second Amended Complaint.

25. Admits that the Policy provides in part that "[a] period of disability starts on the first day you are disabled as a direct result of a significant change in your physical or mental condition occurring while you are injured under this Plan.  You must be under the care of a physician."  Admits that another provision of the Policy provides that: "[m]onthly benefits will be payable if a period of disability: starts while you are covered; and continues during and past the elimination period.  These benefits are payable after the elimination period ends for as long as the period of disability continues."  Admits that it sold a number of LTD policies that contain these same provisions, but denies the remainder of the allegations contained in Paragraph "25" of the Second Amended Complaint.

26. Admits that the Policy provides in part that "[n]o benefit is payable for any disability that is caused by or contributed to by a "pre-existing condition" and starts before the end of the first 12 months following your effective date of coverage," but denies the remainder of the allegations contained in Paragraph "26" of the Second Amended Complaint.

27. Admits that the Policy provides in part that "[a] disease or injury is a pre-existing condition if, during the 3 months before your effective date of coverage: it was diagnosed or treated; services were received for the diagnosis or treatment of the disease or injury; or you took

drugs or medications recommended by a physician for the condition", but denies the remainder of the allegations contained in Paragraph "27" of the Second Amended Complaint.

28. Denies the allegations contained in Paragraph "28" of the Second Amended Complaint.

**The Pre-Existing Condition Clause**

29. Denies the allegations contained in Paragraph "29" of the Second Amended Complaint.

30. Admits that a portion of the statute cited has been accurately quoted, but denies the remainder of the allegations contained in Paragraph "30" of the Second Amended Complaint.

31. Paragraph "31" of the Second Amended Complaint asserts a legal conclusion as to which a response is not required. To the extent a response is required as to Paragraph "31" of the Second Amended Complaint, Aetna admits that the New York Court of Appeals issued a decision interpreting § 3234(a)(2), submits that such decision speaks for itself, and denies the remainder of the allegations contained in Paragraph "31" of the Second Amended Complaint.

32. Denies the allegations contained in Paragraph "32" of the Second Amended Complaint.

33. Denies the allegations contained in Paragraph "33" of the Second Amended Complaint.

34. Denies the allegations contained in Paragraph "34" of the Second Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Second Amended Complaint.

**CLASS ACTION ALLEGATIONS**

36. Denies the allegations contained in Paragraph "36" of the Second Amended

Complaint.

37. Denies the allegations contained in Paragraph "37" of the Second Amended Complaint.

38. Denies the allegations contained in Paragraph "38" of the Second Amended Complaint.

## COUNT I

**(On Behalf Of Plaintiff, Individually, and a Class Of All Other
Similarly Situated Individuals Pursuant To ERISA § 502(a)(1)(B)
and § 502 (a)(3), [29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3)])**

39. Repeats, reiterates, and realleges its responses to Paragraphs "1"-"38" of the Second Amended Complaint as if more fully set forth herein.

40. Admits the Policy is an employee welfare benefit plan within the meaning of ERISA §§ 3(3) and 3(2)(A), 29 U.S.C. §§ 1002(3) and 1002(2)(A). Admits that it has sold policies in New York since July 21, 2001 which are employee welfare benefit plans under these provisions. Admits that the Policy provides in part that "[u]nder Section 503 of Title 1 of the Employee Retirement Income Security Act of 1974, as amended (ERISA), Aetna is a fiduciary. It has complete authority to review all denied claims for benefits under this policy." Admits that it issued other LTD policies during the relevant time period containing the same language, but denies the remainder of the allegations contained in Paragraph "40" of the Second Amended Complaint.

41. Admits that the Policy was issued for the benefit of certain eligible employees of Memec, LLC in exchange for payment of premiums. Admits that it issued policies to a number of employers for the benefit of certain eligible employees in exchange for payment of premiums during the relevant time period, but denies the remainder of the allegations contained in

7

Paragraph "41" of the Second Amended Complaint.

42. Admits that the Policy states in part that "[t]his Plan will pay a Monthly Benefit for a period of disability caused by a disease or injury. There is an elimination period. (This is the length of time during a period of disability that must pass before benefits start.)" Aetna admits that this provision appears in other LTD policies that it has issued, but denies the remainder of the allegations contained in Paragraph "42" of the Second Amended Complaint.

43. Admits that the Pre-Existing Condition Clause in the Policy provides in part that "[n]o benefit is payable for any disability that is caused by or contributed to by a "pre-existing condition" and starts before the end of the first 12 months following your effective date of coverage" and admits that it sold other LTD policies with that same language in the Pre-Existing Condition Clause, but denies the remainder of the allegations contained in Paragraph "43" of the Second Amended Complaint.

44. Admits that a portion of the statute cited has been accurately quoted, but denies the remainder of the allegations contained in Paragraph "44" of the Second Amended Complaint.

45. Paragraph "45" of the Second Amended Complaint asserts a legal conclusion as to which a response is not required. To the extent a response is required as to Paragraph "45" of the Second Amended Complaint, Aetna admits that the New York Court of Appeals issued a decision interpreting § 3234(a)(2), submits that such decision speaks for itself, and denies the remainder of the allegations contained in Paragraph "43" of the Second Amended Complaint.

46. Denies the allegations contained in Paragraph "46" of the Second Amended Complaint, and specifically denies that New York Insurance Law § 3234(a)(2) addresses the many individual issues involved in whether a particular individual seeking LTD benefits is in fact disabled within the meaning of the particular policy under which he or she is seeking benefits.

47. Denies the allegations contained in Paragraph "47" of the Second Amended Complaint.

48. Denies the allegations contained in Paragraph "48" of the Second Amended Complaint.

49. Denies the allegations contained in Paragraph "49" of the Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

50. Plaintiff's complaint fails to state a claim against Aetna.

### SECOND AFFIRMATIVE DEFENSE

51. Plaintiff and the putative class members have failed to exhaust their administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

52. Aetna's decisions denying benefits based on the existence of a pre-existing condition were made in good faith and were reasonable at the time they were made, were made in accordance with the terms of the relevant policies, were made within the proper exercise of Aetna's discretionary authority as claims administrator, and should therefore not be overturned.

### FOURTH AFFIRMATIVE DEFENSE

53. The claims of putative class members, or some of them, are barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

54. The claims of putative class members, or some of them, are barred by the provision of the policy which provides: "No legal action can be brought to recover under any benefit after 3 years from the deadline for filing claims."

## SIXTH AFFIRMATIVE DEFENSE

55. The claims of putative class members, or some of them, are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

56. The claims of the putative class members, or some of them, are barred by the doctrines of res judicata and/or collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

57. On information and belief, some of the members of the putative class have waived their claims for disability benefits.

## NINTH AFFIRMATIVE DEFENSE

58. Any adjudication of the claims asserted in Plaintiff's complaint should be stayed pending a determination by the New York Department of Insurance as to the nature of relief, if any, that should be properly made available to the purported class.

## TENTH AFFIRMATIVE DEFENSE

59. The claims of the putative class members have not been adjudicated to determine whether they meet the test of disability which would entitle them to any benefits at all under the LTD policies under which they are claiming benefits.

## ELEVENTH AFFIRMATIVE DEFENSE

60. Plaintiff has failed to name an indispensable party or parties

**WHEREFORE,** defendant Aetna Life Insurance Company respectfully demands judgment dismissing plaintiff's claims with prejudice, awarding defendants their attorneys' fees and costs, and awarding to them such other and further relief as the Court deems just, proper, and equitable.

Dated: Hartford, Connecticut
      December 6, 2007

                                      Respectfully submitted,

                                      DAY PITNEY LLP

                                      /s/ *James H. Rotondo*
                                    James H. Rotondo (JR-3966)
                                    Day Pitney LLP
                                    242 Trumbull Street
                                    Hartford ,Ct. 06103
                                    (860) 275-0197
                                    (860) 881-2470

                                    Jonathan Matthew Borg (JB-9487)
                                    Day Pitney LLP
                                    7 Times Square
                                    Times Square Tower
                                    New York, New York 10036
                                    (212) 297-5800
                                    (212) 682-3485 fax

                                    Attorneys for Defendant,
                                    Aetna Life Insurance Company


## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date a copy of foregoing **Answer to Second Amended Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ James H. Rotondo
                                          James H. Rotondo (JR-3966)