EXHIBIT B



**STATE OF NEW YORK
INSURANCE DEPARTMENT**
ONE COMMERCE PLAZA
ALBANY, NEW YORK 12257

**Eliot Spitzer**
**Governor**

**Eric R. Dinallo**
**Superintendent**

**Circular Letter No. 14 (2007)**

**December 14, 2007**

**TO: All Insurers Licensed to Write Accident and Health Insurance in New York State**

**RE: Pre-existing condition provisions in group and blanket disability policies**

**STATUTORY REFERENCE: Section 3234 of the Insurance Law (as added by Chapter 650 of the Laws of 1993)**

On June 27, 2007, the Court of Appeals issued a unanimous decision in *Benesowitz v. Metropolitan Life Insurance Company*, 8 NY3d 661 (2007)[1], a case that construes New York Insurance Law Section 3234(a)(2). That statute, entitled "Pre-existing condition provisions in group and blanket disability policies," reads as follows:

(a) Every group or blanket policy issued or issued for delivery in this state which provides benefits by reason of the disability of the insured and which includes a pre-existing condition provision shall contain in substance the following provision or provisions which in the opinion of the superintendent are more favorable to the members of the group:

(1) In determining whether a pre-existing condition provision applies to an eligible person, the group or blanket disability policy shall credit the time the person was previously covered under a previous group or blanket disability insurance plan or policy or employer-provided disability benefit arrangement, if the previous coverage was continuous to a date not more than sixty days prior to the effective date of the new coverage. The credit shall apply to the extent that the previous coverage or level of benefits was substantially similar to the new coverage or level of benefits; and

(2) No pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person.

(b) Nothing herein shall be construed to prohibit or restrict an insurer from utilizing other forms of underwriting for the members of the group in lieu of, or in addition to, the pre-existing condition provision described in subsection (a) of this section.

In *Benesowitz*, the plaintiff, a new employee without previous creditable group disability coverage, became totally disabled due to a pre-existing condition within the first 12 months of coverage under his employer's group disability policy. The plaintiff submitted a claim for coverage under his employer's long term disability policy after he had been covered for more than 12 months under the policy. The insurer denied the claim, reading Section 3234 to permit an insurer to exclude permanently disabilities commencing in the first 12 months of coverage due to a pre-existing

condition. The plaintiff, by contrast, viewed the 12 months as a waiting period for benefits that, upon expiration, must be paid.

The plaintiff sued in federal district court, which held for the insurer. On appeal, the United States Court of Appeals for the Second Circuit invited an amicus brief from the Superintendent of Insurance regarding the interpretation of Section 3234(a)(2). Subsequently, the Second Circuit certified the case to the New York Court of Appeals, asking the State's highest court to clarify the meaning of the statute. This Department again submitted a brief to the Court of Appeals as amicus curiae. In both the Second Circuit and the Court of Appeals, the Superintendent expressed the view that the statute establishes a waiting period rather than a permanent bar for coverage. The Court of Appeals agreed with the Superintendent, and unanimously construed the statute to establish a waiting period, rather than a total bar, for coverage of disabilities due to a pre-existing condition that begin within 12 months of an insured's effective date of coverage. The Court of Appeals noted, however, that its interpretation would not prevent insurers from excluding or limiting disability coverage based on an individual's prior medical history, since Section 3234(b) permits insurance companies to use individual underwriting procedures in determining a person's eligibility for coverage under a group disability policy.

Briefs filed thereafter by the insurer and its amici curiae in a motion for reargument to the Court of Appeals pointed to an alleged inconsistency between Insurance Law Section 3234(b), which permits medical underwriting, and Section 52.70(e)(2) of 11 NYCRR 52 (Regulation 62), which was promulgated prior to the enactment of Section 3234(b) and prohibits medical underwriting for groups of 300 or more lives. Since, as a matter of law, a statute supersedes any inconsistent regulatory provision, to the extent 11 NYCRR 52.70(e)(2) conflicts with Insurance Law Section 3234, the regulation's prohibition on individual underwriting for group disability policies has no force. The Insurance Department intends to amend this regulatory provision to ensure conformance with the statute.

Insurers writing group or blanket disability income insurance must take immediate steps to review their policy forms to determine if a policy form submission will be necessary to comply with the decision of the Court of Appeals. The language of the forms should clearly indicate that any pre-existing condition provision is a waiting period, and not a complete bar for coverage of those disabilities that arise within the first 12 months of coverage. If revisions to existing forms are necessary to conform to the decision of the Court of Appeals, insurers should submit revised policy forms or policy form amendments to the Insurance Department's Health Bureau for review and approval as soon as possible, but in no event later than 45 days from the date of this Circular Letter. Failure to submit conforming policy form submissions by that date will subject the insurer to appropriate disciplinary action. Rate adjustments are not required. However, if a rate adjustment is contemplated by an insurer, the rate filing should be made to the Health Bureau with the requisite actuarial memorandum, supporting data and revised rate manual pages. Any such rate adjustments shall be applied only prospectively.

To facilitate the prompt and efficient review and approval of the policy form and rate submissions, insurers should include a cover letter that clearly identifies the submission as a "Benesowitz case submission" and identifies the contracts to which the submission shall apply. Filers using the System for Electronic Rate and Form Filing (SERFF) should enter "Benesowitz case submission" prominently in the "Filing Description" field when creating a SERFF filing. Insurers are strongly encouraged to submit the Benesowitz filings via SERFF.

To ensure that affected insureds are treated fairly and in the manner required by Insurance Law Section 3234, every insurer that has issued group or blanket disability income policies should undertake the following remedial actions:

(1) By February 29, 2008, the insurer should make a good faith effort to identify and review all claim denials for disability benefits based upon pre-existing conditions going back two years from the date of the Court of Appeals' decision (June 27, 2007). If the insurer's policy form provides for a period of time to bring legal action to recover on the policy greater than the two years specified in Insurance Law Section 3221(a)(14), then the insurer should go back and review all such claim denials based upon pre-existing conditions for such greater period, measured from the date of the

Court of Appeals' decision. With the exception of changes to effectuate the Court's decision, normal rules and requirements for claims review may continue to apply, including requiring that the claimant furnish adequate proof of loss. The look-back period set forth herein is the minimum look-back period for denied claims that an insurer should implement.

(2) By April 30, 2008, insurers should make a good faith effort to notify all affected insureds in writing of the results of such review, and retroactively pay all benefits due with interest from the commencement of the period for which the insurer would have been liable had the insurer applied the *Benesowitz* interpretation of Insurance Law Section 3234 to the claim at the time the proof of loss was first submitted to the insurer. If additional information is required to determine whether benefits are payable, the insurer should attempt to request the information on or before this date. No later than 60 days from the receipt of all information necessary to complete the re-examination of the claim, the insurer should reach a determination and pay retroactively any benefits owed, with interest.

(3) No later than 30 days from the date of this Circular Letter, each insurer should provide notice on its website of the import of the Court of Appeals' *Benesowitz* decision, and explain which insureds are eligible to have their previously denied claims reviewed. The posting should advise that the insurer is automatically undertaking a re-examination of claims denied based upon pre-existing conditions within the two-year period (or longer, where applicable) prior to June 27, 2007, and that the insurer will be contacting such affected insureds. The posting should also advise any affected insureds about how to contact the insurer about re-examining a disability claim previously denied by the insurer based on a prior interpretation of Insurance Law Section 3234 that the Court of Appeals has now rejected. The information posted to the website should remain conspicuously and prominently posted and accessible to insureds until at least December 31, 2008. In addition to the website posting, insurers should notify insureds about the *Benesowitz* decision by including such information in newsletters, premium notices or other general communications sent to insureds.

(4) Those insureds unable to demonstrate adequate proof of loss retroactively may nevertheless be eligible for disability benefits on a prospective basis, subject to the insured still being covered under the policy, providing adequate proof of loss and meeting all of the otherwise applicable rules and requirements for claims review under the policy.

**Contact Information**

Questions regarding the premium rates should be directed to:

Shau Lyn, ASA, MAAA
Supervising Actuary, Health Bureau
New York Insurance Department
Albany, NY 12257
(518)474-5394
slyn@ins.state.ny.us

Any other questions about this Circular Letter should be directed to:

Stephen L. Rings, Associate Insurance Attorney
Health Bureau
New York Insurance Department
One Commerce Plaza
Albany, New York 12257
(518)486-7815
srings@ins.state.ny.us

Very truly yours,

_____

Charles Rapacciuolo
Assistant Deputy Superintendent &
Chief, Health Bureau

_____

[1]  Available at http://www.nycourts.gov/reporter/3dseries/2007/2007_05580.htm