# EXHIBIT F

Case 7:07-cv-06664-KMK-GAY    Document 26-8    Filed 02/27/2008    Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BRIAN WOLOSHIN, on behalf of himself
and all others similarly situated

                Plaintiff,

   -against-

AETNA LIFE INSURANCE COMPANY,

                Defendant.
-----------------------------------------------------------x

Case No. 07 CV 6664 (KMK)

ECF CASE

Judge Karas

## AFFIDAVIT OF DEBORAH F. LAUGHRAN

I, Deborah Laughran, having duly been sworn, do hereby depose and state that:

1. I am over the age of eighteen and understand the obligations of an oath.

2. I make this affidavit based on personal knowledge.

3. I have worked for Aetna Life Insurance Company ("Aetna") for two and a half years. I am currently a Claim Manager for Aetna, working in the business unit of Aetna that is responsible for processing claims for long-term disability benefits.

4. I am responsible for overseeing Aetna's re-review of claims previously denied based on pre-existing condition provisions in certain of Aetna's long-term disability benefit policies. Aetna is conducting this review in response to the New York Court of Appeals decision in *Benesowitz* and to comply with a Circular Letter issued by the New York Department of Insurance.

5. Aetna's re-review is of claims previously filed by individuals seeking long-term disability benefits under group disability insurance policies issued or issued for delivery in New York ("the NY pre-ex review project"). Aetna is reviewing claims in

accordance with the directions provided by the New York Insurance Department, i.e., going back two years from June 27, 2007 or three years if the language in the policy applicable to the claimant provides for a three year limitations period to bring legal claims.

6. As part of the NY pre-ex review project, Aetna has reviewed its records to determine the identity of individuals who would be subject to this project. Aetna is currently in the process of contacting such individuals to obtain further information about their claim and their disability status so as to allow Aetna, as the Claims Administrator, to determine whether they are eligible for any long-term disability benefits. These actions are required by the New York Insurance Department Circular Letter.

7. In conducting the NY pre-ex review project, Aetna will require claimants to submit adequate proof of loss. These claims will be subject to a twelve-month waiting period commencing with their insurance effective date. Should a claimant be determined eligible for benefits under the terms the policy that governs his or her claim, Aetna will put the claimant on claim, pay him or her all benefits due, and continue the individual on benefits for so long as the individual continues to qualify for benefits. If a claimant is determined ineligible for benefits, Aetna will send him or her a letter indicating the claim has been denied and outlining the claimant's rights to appeal.

_____
Deborah F. Laughran

Subscribed and sworn to before me this 26th day of February, 2008.

_____
Notary Public/~~Commissioner of the Superior Court~~
My Commission Expires: 06/30/2010

-2-