UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

BRIAN WOLOSHIN, on behalf of himself
and all others similarly situated

                        Plaintiff,

-against-

AETNA LIFE INSURANCE COMPANY,

                        Defendant.

----------------------------------------x

Case No. 07 CV 6664 (KMK)

ECF CASE

Magistrate Judge



## STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF DISCOVERY MATERIALS

    **WHEREAS**, it appears that trade secrets, proprietary data, or other confidential information of the parties or non-parties may be subject to discovery in this action;

    **WHEREAS**, such information must be kept confidential in order to protect the legitimate business interests and privacy interests of the parties and non-parties to this litigation;

    **WHEREAS**, the fact that a document or discovery material would be designated as "Confidential" under the terms of this protective order shall not act as an admission or otherwise mean that the document is either discoverable or admissible;

    **NOW, THEREFORE**, upon good cause shown and as stipulated and agreed by the attorneys for the parties, **IT IS HEREBY ORDERED**:

    1.    In responding to requests for discovery in this action, any party or non-party (the "producing party"), may designate as "Confidential" any document, testimony, answers to interrogatories, or other information or discovery material which the producing party in good faith believes contains or reflects non public or confidential information requiring protection from public disclosure such as, without limitation, personal information, financial information,

medical or health information, personnel records or confidential or sensitive business information or information which is required to be maintained as confidential pursuant to any court order, settlement, or other contractual agreement. Such designation shall be by written notice identifying the confidential document, testimony, answers to interrogatories, response to request for admission, or other information or discovery material, or by affixing to each page of such material a legend, such as "Confidential," "Confidential Document," "Confidential Material," "Subject to Protective Order," or words of similar import. Designation of such material will also render confidential any copies, excerpts, summaries, or other disclosure of the substance or contents of such material. Documents so marked or identified and all information derived therefrom ("Confidential Material") shall be treated in accordance with the terms of this Order.

2. In the case of depositions, designation of a portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or within ten (10) business days after the transcript becomes available. Pending the expiration of such ten-day period, transcripts shall be treated as Confidential Material in their entirety. If the designation is made during the deposition with regard to only a portion of the deposition, the reporter attending such deposition shall thereafter bind the transcript thereof and separate portions containing the Confidential Material, and the reporter shall place the appropriate legend on the cover of the confidential portions of the transcripts. Notwithstanding the foregoing, counsel shall retain the right to designate the entire deposition transcript as Confidential. If the designation is made after receipt of the transcript of the deposition, all parties shall be notified, in writing, of the pages which are to be treated as Confidential. (The parties may modify this procedure for any particular deposition through

agreement of all parties attending such deposition, as reflected on the record of such deposition, without further court order.)

3. All Confidential Material received through discovery in this action shall be used solely for the prosecution and/or defense of this action. All Confidential Material shall be copied only as reasonably necessary in the opinion of counsel.

4. Any documents that have been produced by any party or non-party to the date of this Order that contain or reflect confidential matter may be designated as confidential by notifying counsel for the parties to mark or stamp such documents "Confidential" as indicated above.

5. Any document not designated as Confidential Material shall not be covered by this Protective Order, provided, however, that inadvertent production of any document without a designation of "Confidential" shall not waive a party's claim of confidentiality as to such document, and the producing party may within 30 days after discovery of the inadvertent production designate the same as "Confidential." Disclosure by any party or non-party of such matter prior to notice by the producing party of the confidential nature thereof shall not be deemed a violation of this Order.

6. Except with the prior consent of the producing party, no Confidential Material may be disclosed to any person other than: (A) attorneys for the parties; (B) secretaries, paralegal assistants, and other employees of such attorneys assisting such attorneys in the preparation of this action; (C) copying services; (D) consultants and experts retained for the purpose of assisting in the preparation of this action; (E) parties to this action or directors, officers, managing agents, and employees of any party to this action; (F) persons who testify or who may testify at depositions or at trial; (G) the "Court" (including the jury) at any stage in this action, under seal

or under such other safeguards as the Court may require; (H) any mediators and/or arbitrators the parties may choose to retain in connection with this matter; (I) insurers, reinsurers, and auditors for the parties; and (J) court reporters actually recording the proceedings in this action, provided that:

 (A) Before making disclosure of any designated Confidential Material in accordance with Sections (D) and (F) of this Paragraph, counsel for the party intending to make disclosure must first obtain an agreement in writing (in the form attached hereto as Exhibit A) from the person ("Confidant") to whom disclosure is to be made reciting that the Confidant has read a copy of this Order and agrees to be bound by its provisions; and

 (B) If the Court requires that the identity of any Confidants be disclosed, a copy of all agreements which have been executed by such Confidants shall be furnished to all parties requesting the same.

7. Notwithstanding any other provisions of this Order, nothing herein shall prohibit attorneys for a party from disclosing Confidential Material to the person the document expressly identifies as author, addressee, recipient, or subject of such document, provided that such person shall be a Confidant and before making such disclosure, the party's attorneys shall obtain an agreement in writing (in the form attached hereto as Exhibit A) from the Confidant reciting that the Confidant has read a copy of this Order and agrees to be bound by its provisions. Counsel shall be responsible for maintaining a list of all Confidants as well as copies of agreements signed by them. For good cause shown, such list and agreements shall be available for inspection by counsel for other parties upon order of this Court.

8. Designated Confidential Material used as exhibits or incorporated in any other manner in briefs, memoranda, transcripts or testimony, or other documents filed with the Court shall be protected as follows:

(A) To the extent that any brief, memorandum, transcript of testimony, or other document submitted to the Court incorporates or refers to the substance of any information contained in any designated Confidential Material, such brief, memorandum, transcript of testimony or other document or portion thereof shall be filed under seal, designated either as "Confidential Material-Subject to Protective Order"; and

(B) Designated Confidential Material that is otherwise made a part of the record shall be filed with the Court under seal.

9. Any party shall have the right to challenge any designation of confidentiality by a producing party by seeking an order of the Court with respect to any Confidential Material. In any such application, the burden of establishing the need for confidentiality of a document shall be upon the proponent of confidentiality, and no inference shall be drawn from the fact that the document previously was designated as confidential pursuant to this Order. Before any party seeks relief from the Court under this Paragraph, the parties shall make a good faith effort to resolve any dispute concerning the confidential treatment of any document.

10. Nothing herein shall preclude any party or non-party from raising any available objection or seeking available protection with respect to any designated Confidential Material, or the contents thereof, including, without limitation, the admissibility of evidence, materiality, attorney work product, and any privilege. Nothing in this Order operates to create an admission by any party that confidential information disclosed in this case is relevant or admissible. Each

party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court rules.

11. The inadvertent production of any document claimed to be protected from disclosure as work product or by the attorney-client or other privilege shall not waive or impair any claim of privilege or immunity. In the event of inadvertent production of any document claimed to be protected, and upon receiving written notice that such document has been inadvertently produced, such document and any copies thereof shall be returned to the producing party within 3 business days of receipt of notice from the producing party. Any written notice pursuant to this provision must be provided at least 30 days before the commencement of trial or such notice shall be of no effect.

12. Within 90 days of the final conclusion of this action, including, without limitation, any appeal or re-trial, all counsel and every person to whom designated Confidential Material has been disclosed shall destroy or return to counsel for the producing party or to the non-party all such designated Confidential Material, including all copies thereof, with the exception of documents containing the work product of a party other than the producing party, which shall be maintained pursuant to the continuing duty of non-disclosure set forth in Paragraph 13.

13. After the termination of this action, this Order shall continue to be binding upon the parties hereto and all persons to whom designated Confidential Material has been disclosed or communicated.

14. If any party covered by this Order at any time applies to the Court for relief from any provision of this Order, or if the parties jointly petition the Court for a modification hereof,

- 7 -

the Court may provide appropriate relief from this Order, including, but not limited to, modifying the terms hereof.

Dated: New York, New York
       March ___, 2008

CONSENTED TO BY:

Horwitz, Horwitz & Paradis

By: _____ (EK)
Paul O. Paradis (PP-9335)
Michael A. Schwartz (MS-2352)
Gina M. Tufaro (GT-5419)
Edward Y. Kroub (EK-4999)

28 West 44th Street – 16th Floor
New York, NY 10036
(212) 404-2200
(212) 404-2226 fax

-and-

Richard J. Quadrino (RQ-0233)
Michail Z. Hack (MH-6127)
Quadrino Schwartz, P.C.
666 Old Country Road – Ninth Floor
Garden City, NY 11530
(516) 745-1122
(516) 745-0844 fax

Attorneys for Plaintiff
Brian Woloshin, on behalf of himself
and all others similarly situated

Day Pitney, LLP

By: _____
James H. Rotondo (JR-3966)
jhrotondo@daypitney.com
Day Pitney LLP
242 Trumbull Street
Hartford, Ct. 06103
(860) 275-0197
(860) 881-2470 fax

Jonathan Matthew Borg (JB-9487)
jborg@daypitney.com
Day Pitney LLP
7 Times Square
Times Square Tower
New York, New York 10036
(212) 297-5800
(212) 682-3485 fax

Attorneys for Defendant Aetna Life Insurance Company

So Ordered this 19th day of March, 2008

_____
George A. Yanthis
U.S. Magistrate Judge

- 8 -

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BRIAN WOLOSHIN, on behalf of himself
and all others similarly situated

         Plaintiff,

 -against-

AETNA LIFE INSURANCE COMPANY,

         Defendant.
-------------------------------------------------------------x

Case No. 07 CV 6664 (KMK)

ECF CASE

Magistrate Judge Yanthis

## CONFIDENTIALITY AGREEMENT

  I, _____, acknowledge that I have read and understand the Stipulated Protective Order signed by Magistrate Judge George A. Yanthis on _____, 2008, and agree to abide by its terms and conditions. I specifically understand that at the conclusion of this matter I am required to return all copies of documents in my possession subject to the Stipulated Protective Order to the person who provided them to me. I hereby agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Stipulated Protective Order and I understand that any violation of the terms of this Stipulated Protective Order shall be punishable by relief deemed appropriate by the Court.

Dated: _____

                  _____
                  Signature