# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

**JAMES H. ROTONDO**
Attorney at Law

242 Trumbull Street
Hartford, CT  06103

T: (860) 275 0197  F: (860) 881 2470
jhrotondo@daypitney.com



June 27, 2008

**VIA HAND DELIVERY**

Hon. George A. Yanthis, U.S. Magistrate Judge
United States District Court,
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   Brian Woloshin v. Aetna Life Insurance Company
      Southern District of New York Case No. 07 CV 6664 (KMK) (GAY)

Dear Judge Yanthis:

In accordance with your Honor's instructions on June 19, 2007, we write on behalf of the defendant Aetna Life Insurance Company ("Aetna") in connection with the plaintiff's challenge to Aetna's Log for Redactions of Privileged Documents relating to its April 16, 2008 production of documents (the "Privilege Log"). We enclose herewith for purposes of the Court's *in camera* review the following items:

1. Aetna's Privilege Log, attached hereto as Exhibit A.

2. Plaintiff's June 16, 2008 letter challenging Aetna's assertion of privilege, attached hereto as Exhibit B.

3. Copies of each of the redacted documents in the order referenced on Aetna's Privilege Log, attached hereto as Exhibits C, D, E, F, G, H, I, J, K and L. Accompanying each document is an unredacted version of that document in which we have highlighted the parts of the document that have been redacted from the copy produced to the plaintiff.

4. A copy of an Aetna law department guidelines for selection of a contract state for non-HMO group insurance policies, attached hereto as Exhibit M. This document was produced as part of Aetna's April 16, 2008 production.

The redacted versions of the documents contained within Exhibits C, D, E, F, G, H, I, J, K and L, as well as Exhibit M, **have been designated as Confidential pursuant to the terms of the Protective Order entered by this Court on March 19, 2008**. Accordingly, Aetna requests the opportunity to file a motion to file a motion to seal these exhibits in the event that the Court

**DAY PITNEY** LLP

Hon. George A. Yanthis, U.S. Magistrate Judge
June 27, 2008
Page 2

orders any of the attachments to this letter or plaintiff's opposing submission placed in the official court file, which is open to the public.

Aetna has redacted from documents at issue here communications requesting and reflecting legal advice from Nancy H. Oltheten, Esq. of Aetna's legal department. Each of the redactions relates to a portion of the same email chain, which is the bi-product of an exchange of emails between employees at Aetna and Memec LLC ("Memec"), attempting to finalize language in the Memec long-term disability policy as to pre-disability earnings. The unredacted portion of documents that have been produced indicate that after an Aetna employee approved policy language for the Memec disability policy, noting that it was consistent with that submitted to the California Department of Insurance, another employee clarified that the disability policy was to be sitused in Florida. Subsequent emails evidence discussion regarding whether the change of situs from California to Florida aligns with law department guidelines for selection of a contract state for non-HMO group insurance policies.

These guidelines are outlined in an Aetna Law Department Proactive Programs Reminder, marked as Exhibit M, which provides that a customer with employees in multiple locations may select a contract state other than the state in which its headquarters are located, if: 1) a substantial number of its employees are located in the state through which the plan will be administered; 2) it has an office located in the state through which the plan will be administered; and 3) it has an employee authorized to sign the Master Application located in that state. These guidelines advise that while it is intended to "assist employees of [Aetna] by communicating key statutory or regulatory requirements, recent legal developments, and other important legal and regulatory information," "it is not legal advice," and employees should contact counsel with questions concerning selection of a contract state. As reflected in the email chain, when questions arose regarding the contract state for the Memec disability policy, the employees did precisely as the guidelines directed, and sought legal advice from a lawyer in Aetna's Law Department, Nancy H. Oltheten, Esq.

The requests here for legal advice and the legal advice given constitute attorney-client communications, which are not subject to discovery. The Second Circuit has repeatedly stated that "(1) where legal advice of *any* kind is sought (2) from a professional legal advisor in his capacity as such (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived..." In re Grand Jury Subpoena v. U.S., 731 F.2d 1032, 1036 (2d Cir. 1984) (internal citations omitted) (emphasis added). The communications here satisfy all of the requirements for protection under the attorney-client privilege doctrine. Ms. Oltheten is a lawyer, and was functioning in that capacity. There were requests for legal advice, legal advice was given, and both the requests and the advice were made in confidence.

The United States Supreme Court's commentary in Upjohn v. U.S., 449 U.S. 383, 392 (1981), is instructive on the privileged nature of corporate counsel's advice. In ruling on the scope of he attorney-client privilege, the Court in Upjohn recognized the valuable role that

**DAY PITNEY** LLP

Hon. George A. Yanthis, U.S. Magistrate Judge
June 27, 2008
Page 3

corporate counsel play in ensuring their client's compliance with the law, explaining that "[i]n light of the vast and complicated array of regulatory legislation confronting the modern corporation, corporations, unlike individuals, constantly go to lawyers to find out how to obey the law...." Id. (internal citations omitted).

Moreover, even if it the advice requested and rendered by Aetna's counsel could fairly be characterized as a mixture of legal and business advice, "the privilege is not lost merely because relevant non-legal considerations are expressly stated in a communication which also includes legal advice." In re the County of Erie, 473 F.3d 413, 419-20 (2d Cir. 2007) (internal citations omitted). The Second Circuit has adopted a flexible approach for determining whether communications in which attorneys offer both legal and business advice. See id. As the Second Circuit recently explained:

> The complete lawyer may well promote and reinforce the legal advice given, weight it, and lay out its ramifications by explaining: how the advice is feasible and can be implemented; the legal downsides, risks and costs of taking the advice or doing otherwise; what alternatives exist to present measures or the measures advised; what other persons are doing or thinking about the matter; or the collateral benefits, risks or costs in terms of expense, politics, insurance, commerce, morals and appearances. So long as the predominant purpose of the communication is legal advice, these considerations and caveats are not other than legal advice or severable from it. The predominant purpose of a communication cannot be ascertained by quantification or classification of one passage or another; it should be assessed dynamically and in light of the advice being sought or rendered, as well as the relationship between advice that can be rendered only by consulting the legal authorities and advice that can be given by a non-lawyer. The more careful the lawyer, the more likely it is that the legal advice will entail follow-through by facilitation, encouragement and monitoring.

Id. at 420-21 (internal citation omitted).

In his June 16, 2008 letter, the plaintiff challenges Aetna's redactions based on two grounds. First, the plaintiff asserts that the Aetna employees sought and obtained business advice from Attorney Oltheten. Second, the plaintiff asserts that Aetna's argument that the plaintiff does not have standing to bring a claim under N.Y. Ins. Law § 3234(a)(2), because the Memec disability policy is sitused in Florida, implicitly waives the privilege as to any communications with counsel regarding the selection of the contract state for this policy. Neither of two arguments has any merit, and must be rejected

Plaintiff's first argument that Aetna employees sought and obtained business advice from Aetna's lawyers is factually untenable for at least three reasons. First, the plaintiff ignores that the "internal polic[y]" about which Aetna employees sought advice from counsel was issued by the Aetna Law Department, as opposed to a business unit. Second, the plaintiff assumes that the

**DAY PITNEY** LLP

Hon. George A. Yanthis, U.S. Magistrate Judge
June 27, 2008
Page 4

advice sought relates only to compliance with a company policy, and fails to recognize that the advice sought is actually as to the application of the legal principles on which that policy is based. Third, the guidelines clearly have a legal purpose, and invite Aetna employees to contact counsel with any questions about the guidelines, which is precisely what happened here.

Plaintiff's reliance on Freiermuth v. PPG Industries, Inc., 218 F.R.D. 694, 700 (N.D. Ala. 2003), for its "business purpose" argument is misplaced. At issue in Freiermuth was whether production of a work-force reduction worksheet prepared prior to implementation of that reduction, and reviewed by counsel, was required. With respect to the assertion of the attorney-client privilege, the court held that the privilege was inapplicable because "[w]hile a memorandum analyzing the legal risk of the proposed reduction in force would be privileged, the facts provided to counsel which support a business decision to engage in a workforce reduction are not protected." Id. at 699-700. The issue of whether the document was reviewed by counsel for the "legitimate business purpose" of "insur[ing] compliance with a company policy" was discussed with respect to whether the attorney work product doctrine was applicable, not with respect to the attorney-client privilege. Id. at 700. Here, Aetna is seeking to protect the requests for advice and the legal advice given; the non-privileged facts relating to the situs issue have been produced.

Plaintiff's second argument, that Aetna has implicitly waived the privilege because it is arguing that the Memec long-term disability policy is governed by Florida rather than New York law, also misses the mark. Plaintiff's argument is not supported by the implicit waiver doctrine and is simply an attempt to uncover privileged communications not "at issue" in this case. A party implicitly waives the attorney-client privilege "'where it affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege, and application of the privilege would deprive the adversary of vital information.'" Chin v. Rogoff & Co., P.C., No. 05-CiV-8360, 2008 U.S. Dist. LEXIS 38735, 16-17 (S.D.N.Y. May 6, 2008) (quoting Deutsche Bank Trust Co. of Americas v. Tri-Links Inv. Trust, 43 A.D.3d 56, 63-64, 837 N.Y.S.2d 15, 23 (1st Dep't. 2007)). The primary consideration for a court considering a claim of implicit waiver "is the extent to which the privileged documents are indispensable to a party's claims or defenses." Chin, 2008 U.S. Dist. LEXIS 38735, 16-17 (S.D.N.Y. May 6, 2008) (citing TIG Ins. Co. v. Yules & Yules, No. 99 CV 3378 (KMW), 1999 U.S. Dist. LEXIS 17607, *1 (S.D.N.Y., Nov. 12, 1999)).

United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991), upon which Plaintiff relies to argue waiver, does not support his position here. There, the Court found implicit waiver where defendant's testimony regarding his intent – his understanding that his actions were legal – placed his conversations with counsel regarding that legality directly at issue in the case. Id. at 1294. Thus, Bilzerian only supports the position that an implicit waiver occurs only where a party specifically puts privileged communication at issue in the litigation.

**DAY PITNEY** LLP

Hon. George A. Yanthis, U.S. Magistrate Judge
June 27, 2008
Page 5


The implicit waiver doctrine is inapplicable here. Aetna is not seeking to introduce selected portions of the communications between its employees and counsel regarding the situs issue, and thus is not seeking to use attorney-client communications as a "sword." Indeed, no such evidence is necessary because the Memec policy itself states that the policy was delivered in Florida. Aetna's privileged communications discussing situs are not indispensable, or even relevant, to the plaintiff's attempts to argue for the application of New York law. Moreover, the decision to situs the policy in Florida cannot possibly be viewed as an attempt to avoid New York law as set forth in Benesowitz v. Metropolitan Life Ins. Co., 8 N.Y.3d 661, 870 N.E.2d 1136 (2007), since the New York Court of Appeals rendered that decision almost three years *after* the effective date of the Memec policy at issue here. Accordingly, Aetna has not put its communications with counsel regarding the selection of a contract state at-issue, nor are those communications indispensable to any dispute over the application of New York law.

For the foregoing reasons, Aetna submits that this Court, upon in camera review of the enclosed documents, must conclude that the redactions of communications with Attorney Oltheten are attorney-client communications appropriate. To the extent this Court concludes that a further factual showing is required, Aetna respectfully requests the opportunity to submit one or more affidavits and a formal brief in support of Aetna's assertion of the attorney-client privilege with respect to these redactions.

Very truly yours,

*James H. Rotondo*

James H. Rotondo

Enclosure

cc: Michael A. Schwartz (via overnight mail) (w/out unredacted encs.)
Richard J. Quadrino (via overnight mail) (w/out unredacted encs.)
Rosemary Q. Barry (letter only via email)