# HORWITZ, HORWITZ & PARADIS
### ATTORNEYS AT LAW
28 WEST 44TH STREET, 16TH FLOOR
NEW YORK, NY 10036
TELEPHONE (212) 404-2200
FACSIMILE (212) 404-2226

**CHICAGO OFFICE:**
25 E. WASHINGTON STREET
SUITE 900
CHICAGO, IL 60602
TELEPHONE (312) 372-8822
FACSIMILE (312) 372-1673



July 7, 2008

**Via Overnight**
Hon. George A. Yanthis, U.S. Magistrate Judge
United States District Court,
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: <u>Woloshin v. Aetna Life Insurance Company</u>, 07-CV-6664-(KMK)-(GAY)

Dear Judge Yanthis,

Plaintiff Brian Woloshin hereby responds to defendant Aetna Life Insurance Company's ("Defendant" or "Aetna") June 27, 2008 letter (the "June 27 Letter") seeking an <u>in camera</u> review of certain documents Aetna claims are protected from disclosure based on the attorney-client privilege. See Aetna's Log for Redactions of Privileged Documents from its April 16, 2008 Production ("Privilege Log") annexed as Ex. A to Aetna's June 27 Letter.

As set forth fully below, Aetna's claim of privilege is improper for two reasons. First, the attorney-client privilege cannot attach because Aetna has not satisfied its high burden of demonstrating that the communications in question sought or provided <u>legal</u> advice. As evidenced from the substance of the redacted communications listed in the Privilege Log, the advice sought by Aetna's employees was purely *business* advice, and, therefore, not afforded privilege. Second, once Aetna informed Judge Karas that it intends to move for summary judgment on the grounds that Plaintiff's insurance policy was sitused in Florida, and, therefore, New York law does not apply to Plaintiff's claims, Aetna brought the situs issue to the forefront of this litigation, and cannot now prejudice Plaintiff by unfairly withholding relevant communications central to that issue.

Accordingly, Plaintiff respectfully requests that this Court order Aetna to produce unredacted versions of all of the documents listed in Aetna's Privilege Log.

## HORWITZ, HORWITZ & PARADIS
ATTORNEYS AT LAW

Hon. George A. Yanthis, U.S.M.J.
July 7, 2008
Page 2 of 5

I. **Aetna Has Failed to Demonstrate that Legal Advice was Sought or Given**

Aetna, as the proponent of the privilege, has the burden of demonstrating that each of the elements of the privilege is present. See In re Grand Jury Subpoena, 750 F.2d 223, 224 (2d Cir. 1984) ("it is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privilege relationship, a burden not discharged by mere conclusory or ipse dixit assertions")(citations omitted)(emphasis added). As discussed below, Aetna has failed to do so.

Aetna's assertion of the attorney-client privilege[1] must fail because Aetna does not, and cannot, demonstrate that an essential element of the privilege -- that "legal advice of any kind" was either sought or given -- is present. In re Grand Jury Subpoena v. U.S., 731 F.2d 1032, 1036 (2d Cir. 1984). Specifically, Aetna's June 27 Letter attempts to convince the Court that legal advice was provided by stating in conclusory fashion, not less than ten (10) times, that the communications in the redacted documents are "legal" advice. No where in its June 27 Letter does Aetna provide any basis for the claim. Tellingly, Aetna has failed to even attempt to demonstrate that its employees were seeking the interpretation or application of any state or federal statute, or any administrative agency's rules and regulations.

A review of the documents in question can lead to no other conclusion than the communications were sent in the ordinary course of business to/from Aetna employees to/from Aetna in-house counsel concerning whether Aetna's internal policies (see Aetna's internal "rules" for situsing, Ex. M to the June 27 Letter at A00001989) allowed Aetna to deliver (or situs) Memec's long term disability policy in Florida, even though Memec was based in California. See, e.g., Ex. C to June 27 Letter at A00001952.

Thus, Aetna has failed to demonstrate that anything other than its internal policies or rules, i.e., a business matter, were implicated in the issue as to where to situs Plaintiff's insurance policy, and therefore, the communications are not privileged. "The privilege is triggered only by a client's request for legal, as contrasted with business, advice." In re Grand Jury Subpoena, 731 F.2d 1032 at 1037.

---

[1] "The privilege attaches (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived. . . ." In re Grand Jury Subpoena v. U.S., 731 F.2d 1032, 1036 (2d Cir. 1984).

## HORWITZ, HORWITZ & PARADIS
ATTORNEYS AT LAW

Hon. George A. Yanthis, U.S.M.J.
July 7, 2008
Page 3 of 5

      In Freiermuth v. PPG Industries. Inc., 218 F.R.D. 694, 700 (N.D. Ala. 2003), where defendant asserted that the purpose of the document was for the lawyer to determine whether the company was meeting its internal employment policies, the court found that the document was prepared in the ordinary course of business and was, therefore, not privileged:

> [D]efendant's second stated reason for the documents provides further support to plaintiff's argument that these documents are prepared in the regular and ordinary course of business when a reduction in force is contemplated. One of defendant's stated purposes is to insure compliance with a company policy, a legitimate business purpose.

Id. (emphasis added).

      In the present case, what could be more in the ordinary course of business than employees of an insurance company questioning where to deliver a policy in accordance with company rules?

      Aetna's argument that Freiermuth is inapplicable because the issue before that court was the work-product doctrine, and not the attorney-client privilege, is misplaced. The court in Freiermuth applied the "predominant purpose test" to determine whether the proffered "mixed" advice was predominantly legal or business. See Freiermuth, 218 F.R.D. 694 at 700. Aetna's analysis ignores that courts routinely use "the predominant purpose test" to parse legal from business advice in connection with the application of the attorney-client privilege. See Conopco, Inc. v. Wein, No. 05CV09899, 2007 U.S. Dist. LEXIS 46945 at *15 (S.D.N.Y. June 28, 2007) (Katz, J.) (in the context of the attorney-client privilege, the court held that "where an attorney is involved in the business affairs of a client, there may be an overlap of business and legal advice, for which the test commonly employed is 'whether the predominant purpose of the communication is to render or solicit legal advice'") citing In re the County of Erie, 473 F.3d 413, 420 (2d Cir. 2007). Because the same legal standard is used for both the work-product doctrine and the attorney-client privilege, Freiermuth clearly applies. Moreover, since the sole purpose of the communications in question here was to seek and provide advice as to routine business matters -- the appropriate place to situs an insurance policy -- Aetna's claim of privilege must be rejected.

      Aetna's own documents undercut its claim of privilege. For example, the Aetna document which appears to set forth Aetna's internal policy for the situsing of insurance policies states on its face that "[i]t is not legal advice." See A00001989 annexed at Ex. M to the June 27 Letter. Moreover, Aetna's argument that the guidelines for situsing were legal advice because they were issued by Aetna's Law Department is contrary to the law. It is well settled that a "communication is not privileged simply because one of the parties to it is a lawyer." 8

**HORWITZ, HORWITZ & PARADIS**
ATTORNEYS AT LAW

Hon. George A. Yanthis, U.S.M.J.
July 7, 2008
Page 4 of 5

WRIGHT & MILLER, Fed. Prac. & Proc. Civ.2d § 2017 at n. 13; see also Zigler v. Allstate Ins. Co., No. 06cv2112, 2007 U.S. Dist. LEXIS 26117 (N.D. Ohio Apr. 9, 2007). Finally, Aetna's reliance on Upjohn v. U.S., 449 U.S. 383 (1981) also misses the mark because it assumes the advice sought here was legal and not business related. As the Second Circuit instructed in In re John Does Corp., 675 F.2d 482, 488 (2d Cir. 1982), "the Upjohn privilege is clearly limited to communications made to attorneys solely for the purpose of the corporation seeking legal advice and its counsel rendering it." (Emphasis added).

Based on the foregoing, Aetna has not met the high burden of demonstrating that the attorney-client privilege is implicated by the communications in questions and therefore, the unredacted documents must be produced to Plaintiff.

**II.    Fairness Dictates that this Court Compel Aetna to Produce an Unredacted Copy of the Communications at Issue**

Aetna must further produce the documents unredacted because the subject matter of these documents goes to the central issue to be raised in Aetna's impending motion for summary judgment – whether Plaintiff's insurance policy was properly delivered in Florida. As such, Aetna cannot now hide behind the attorney-client privilege and deny Plaintiff these materials.

In United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991), the Second Circuit stated that:

> [T]he attorney-client privilege cannot at once be used as a shield and a sword. A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes. Thus, the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications.

(Citations omitted). In Bowne of NYC v. AmBase Corp., 150 F.R.D. 465 (S.D.N.Y. 1993) (Dolinger, J.), the court discussed the three criteria used to determine if the party has effectuated an implied waiver, whether: (1) assertion of the privilege was a result of some affirmative act such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. Id. at 488-89. These criteria are readily satisfied here.

Aetna has brought the issues concerning situsing, and its effects on choice of law, to the forefront of this litigation by informing Judge Karas that it intends to move for summary judgment on the grounds that Plaintiff's policy was sitused in Florida, and therefore New York

## HORWITZ, HORWITZ & PARADIS
ATTORNEYS AT LAW

Hon. George A. Yanthis, U.S.M.J.
July 7, 2008
Page 5 of 5

law does not apply to Plaintiff's claims. Therefore, Plaintiff will undoubtedly be prejudiced if he is denied access to these communications concerning where Plaintiff's policy was delivered and whether it was properly sitused.

In arguing to the contrary, Aetna again resorts to offering self-serving statements, namely that Plaintiff's "policy itself states that the policy was delivered in Florida," and therefore, there is no issue in contention. This position, however, ignores that Judge Karas granted Plaintiff discovery on the situsing issue in order to allow Plaintiff to test the basis for this very assertion. Moreover, the limited discovery to date demonstrates that Aetna's intent to deliver Plaintiff's policy in Florida was improper.[2]

Accordingly, fairness dictates that the unredacted communications be produced.

Based upon the foregoing, Plaintiff requests that this Court order the production of the unredacted communications listed in Aetna's Privilege Log.

Respectfully submitted,

Michael A. Schwartz

cc:   James Rotondo (via overnight mail)

---

[2]   In the emails in questions, Aetna employees consistently state that it would be inappropriate for Aetna to deliver the Memec policy in Florida.. For example, in document A00001952 (annexed as Ex. C to the June 27 Letter), Aetna employee Kelly France unequivocally states that "[i]t doesn't appear the reasons given for change of contract situs align with our law department guidelines." (Emphasis added). In the very same e-mail string, another Aetna employee states "based on the information provided . . . it does not appear the criteria has been met." (Emphasis added).

Brian Woloshin v. Aetna Life Ins. Co.
Aetna's Log for Redactions of Privileged Documents from its April 16, 2008 Production

| Item | Production Range | Doc Date | Doc Type | Author | Recipient | Cc | Description | Grounds |
|---|---|---|---|---|---|---|---|---|
| 1. | A00001951 - A00001955 | 6/23/2004 | Email | Oltheten, Nancy H., Esq. | Roszko, Lois D.; Bjarno, Arne; Disability Product Questions; Castillo, Martha; Hurley, Brian | Febles, Evelyn; Oltheten, Nancy H. | Request for legal advice regarding situs State | Attorney Client Privilege |
| 2. | A00001956 - A00001961 | 6/24/2004 | Email | Bjarno, Arne | Oltheten, Nancy H., Esq.; Carey, Deborah D. | Oltheten, Nancy H., Esq.; File Gen Situs situs State | Request for legal advice regarding situs State | Attorney Client Privilege |
| 3. | AE00000066 - AE00000070 | 6/23/2004 | Email | Roszko, Lois | Bjarno, Arne; Oltheten, Nancy H., Esq.; Disability Product Questions; Castillo, Martha; Hurley, Brian | Febles, Evelyn | Request for legal advice regarding contract situs | Attorney Client Privilege |
| 4. | AE00000141 - AE00000145 | 6/23/2004 | Email | Oltheten, Nancy H., Esq. | Roszko, Lois D.; Bjarno, Arne; Castillo, Martha; Hurley, Brian | Febles, Evelyn | Legal advice regarding contract situs | Attorney Client Privilege |
| 5. | AE00000236 - AE00000241 | 6/22/2004 | Email | Roszko, Lois | Oltheten, Nancy H., Esq.; Bjarno, Arne; Castillo, Martha; Hurley, Brian; Disability Product Questions | | Request for legal advice regarding contract situs | Attorney Client Privilege |
| 6. | AE00000330 - AE00000336 | 6/24/2004 | Email | Bjarno, Arne | Roszko, Lois; Bjarno, Arne; Castillo, Martha; Hurley, Brian; Disability Product Questions | Febles, Evelyn | Request for legal advice regarding contract situs | Attorney Client Privilege |
| 7. | AE00000346 - AE00000351 | 6/24/2004 | Email | Oltheten, Nancy H., Esq. | Bjarno, Arne; Oltheten, Nancy, Esq.; Castillo, Martha; Hurley, Brian; Disability Product Questions | Febles, Evelyn | Legal advice regarding contract situs | Attorney Client Privilege |
| 8. | AE00000374 - AE00000380 | 6/24/2004 | Email | Bjarno, Arne | Bjarno, Arne; Oltheten, Nancy, H.; Disability Product Questions; Hurley, Brian; Castillo, Martha | Febles, Evelyn | Requesting and giving legal advice regarding contract situs | Attorney Client Privilege |
| 9. | AE00000381 - AE00000387 | 6/24/2004 | Email | Bjarno, Arne | Disability Product Questions; Hurley, Brian; Castillo, Martha | Febles, Evelyn | Requesting and giving legal advice regarding contract situs | Attorney Client Privilege |
| 10. | AE00000388 - AE00000393 | 6/24/2004 | Email | Bjarno, Arne | Oltheten, Nancy H., Esq.; Carey, Deborah D | | Requesting and giving legal advice regarding contract situs | Attorney Client Privilege |