UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BRIAN WOLOSHIN,

           Plaintiff,

                                            **ORDER**
                                     07 Civ. 6664 (KMK)(GAY)

      -against-

AETNA LIFE INSURANCE COMPANY,

           Defendant.

------------------------------------------------------------------x

    The Court has carefully reviewed *in camera* the unredacted materials that are set forth on the attorney-client privilege log of the defendant Aetna Life Insurance Company along with the letter briefs submitted by both sides. "The privilege attaches (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived..." In re Grand Jury Subpoena v. U.S., 731 F.2d 1032, 1036 (2d Cir. 1984). With one exception, the Court concludes that the redacted materials are protected from disclosure by the attorney-client privilege. The *in camera* review of the disputed emails show that they are communications between a counsel for the defendant and client employees of the defendant who sought legal advice. All criteria have been met for the privilege to attach to said communications.

    To the extent that some of the communications are a mixture of legal and business

advice, the Court concludes that the predominate purpose of the communications were clearly legal advice. See In re the County of Erie, 473 F.3d 413, 419-420 (2d Cir. 2007). Moreover, the Court concludes that *its in camera* review of the privileged communications here show that they are not vital to plaintiffs prosecution of their claims or defense of the anticipated summary judgment motion. The Court further concludes that there has not been an implied waiver of the privilege. There are no fairness considerations that requires plaintiff to have access to the protected communications. United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991).

The Court concludes, however, that the Thursday June 24, 2004 6:42 am email from Bjarno, Arne, RE: Contract Situs Issue for Memec (Ex. H to the Privilege Log) is not a communication regarding legal advice. The fact that the email was also sent to counsel does not bring the communications within the privilege. Accordingly, said unredacted email is to be provided to the plaintiff for discovery.

SO ORDERED:

Dated: August 7, 2008
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.

2